DARLENE R. BOYLE, Appellant, *v.* LORETTA BOWMAN, County Clerk of the County of Clark, and the STATE OF NEVADA as Surety on the Official Bond of Loretta Bowman, Respondents.

No. 10440

February 6, 1980                                               605 P.2d 1144

*John W. Bonner,* Las Vegas, for Appellant.

*Burleigh & Benson, Chtd.,* Las Vegas, for Respondent Bowman.

*Richard H. Bryan,* Attorney General, and *Robert H. Ulrich,* Deputy Attorney General, Carson City, for Respondent State of Nevada.

## OPINION

*Per Curiam:*

In July of 1970, appellant filed a personal injury action against Gail Cox. After an answer was filed and the parties exchanged interrogatories, trial was set for May 8, 1972, but was vacated at the behest of appellant in order to obtain additional discovery. On October 23, 1973, a note for trial docket was sent to appellant informing her that a trial date would be set on October 26. On that date a trial date was set for June 6, 1975. No notice of the trial date was sent to appellant. On the date set for trial, appellant failed to appear. The trial date was vacated. Thereafter, on August 13, 1975, the defendant moved to dismiss for want of prosecution within five years. NRCP 41(e).

Appellant retained counsel and opposed the motion to dismiss claiming that she was not served with notice of the trial

and was thus unable to take any action in her behalf. The court granted the motion to dismiss with prejudice. No appeal from that order was taken. Subsequently, on April 22, 1977, appellant filed the present action against the County Clerk and the Board of Examiners for the State as surety on the Public Official Bond of the County Clerk. The trial court dismissed the action for failure to state a claim. Upon appeal, we need only decide whether any action may be brought by a private person against the county clerk under a public official bond. We have determined that appellant has not stated a claim and affirm the decision of the lower court.

The bond here stated in part that the state "shall be liable only . . . [for] the loss of any public funds occurring through or resulting from defalcation, misappropriation or negligent loss of such public funds, and/or any loss resulting from failure of such official faithfully to perform the duties of his office . . . ." The language of this bond closely parallels the language of the statutes to which the bond specifically states it is subject. *See* 1963 Nev. Stats., ch. 301, at 544–47 (amending NRS 282.240, 282.280, 282.320, 282.330). In 1963, the legislature deleted the words "tortious misconduct or other wrongful acts" from the list of actions for which an official could be liable on a bond. Looking at all sections of this statute, it is apparent that the language "from failure of such officials faithfully to perform the duties of their offices" refers to monetary losses to counties or cities. As under the present law, there is no indication that private individuals may recover on the bond and no procedures are set forth for such recovery. Had the legislature intended inclusion, it would have specifically so provided.

We affirm the decision of the lower court dismissing the action for failure to state a claim.