THE STATE OF NEVADA, Appellant, *v.*
ARTHUR LOUIS LUCERO, Respondent.

No. 54375

March 17, 2011                                    249 P.3d 1226

*Catherine Cortez Masto*, Attorney General, Carson City;
*Richard A. Gammick*, District Attorney, and *Gary H. Hatlestad*,
Chief Deputy District Attorney, Washoe County, for Appellant.

*Jennifer L. Lunt*, Alternate Public Defender, and *Mary Pat
Barry*, Deputy Alternate Public Defender, Washoe County, for
Respondent.

---

Before Douglas, C.J., Pickering and Hardesty, JJ.

## OPINION

By the Court, Hardesty, J.:

A conviction for level-three trafficking in a controlled substance results in a mandatory minimum prison term of 10 years pursuant to NRS 453.3385(3), unless the defendant renders substantial assistance to law enforcement pursuant to NRS 453.3405(2). Under the substantial-assistance exception, the district court has discretion to reduce or suspend the mandatory minimum sentence if it determines that the defendant rendered substantial assistance. In this appeal, we consider whether the district court has the authority to reduce the 10-year minimum sentence prescribed by NRS 453.3385 when revoking probation pursuant to NRS 176A.630 for a defendant who previously received a suspended sentence because he rendered substantial assistance. We conclude that the phrase "minimum term of imprisonment prescribed by the applicable penal statute" in NRS 176A.630, which limits the extent to which a district court can reduce the term of imprisonment upon revocation of probation, is ambiguous when applied to NRS 453.3385 in cases where a defendant has rendered substantial assistance. Because the general rules of statutory construction do not resolve that ambiguity, we apply the rule of lenity and conclude that the district court had the authority to reduce the defendant's sentence after it revoked his probation.

### FACTS

In 2007, the State charged respondent Arthur Lucero with one count of level-three trafficking in a controlled substance, in violation of NRS 453.3385(3), and in January 2008, he pleaded guilty to that charge. The district court sentenced Lucero to life in prison with eligibility for parole after 10 years, but the court suspended his sentence, placing him on probation for up to 60 months pur-

suant to NRS 453.3405(2) because he provided "substantial assistance" to law enforcement.

Several months later, Lucero violated the terms of his probation. After a hearing pursuant to *Anaya v. State*, 96 Nev. 119, 606 P.2d 156 (1980),[1] the district court revoked his probation. Lucero's counsel requested a lesser sentence than the sentence originally imposed by the district court because of the prior finding of substantial assistance. After revoking his probation, the district court reduced Lucero's original sentence to 180 months with eligibility for parole after 24 months.

The State then filed a motion to correct the new sentence, which it asserted was an illegal sentence. The State argued that allowing parole eligibility in less than 10 years violated the statutorily prescribed minimum sentence found in NRS 453.3385(3). It also argued that NRS 453.3405(2), which allows a sentence reduction for "substantial assistance," is limited to original sentences imposed by the district court, not subsequent probation revocation proceedings. Permitting such a sentence reduction at the time probation is being revoked, the State argued, would allow district courts to resentence probation violators on lesser charges than those of their original convictions. Lucero countered that the applicable sentencing statute contains an exception to the minimum sentencing requirements for defendants who provided substantial assistance to the State. Thus, he argued, the controlling sentencing statute at the time of probation revocation authorized the district court to reduce sentences below the statutory 10-year minimum.

The district court ultimately found that it had authority to reduce Lucero's sentence at the time of probation revocation pursuant to NRS 453.3405(2), and it denied the State's motion to correct the sentence. The State now appeals.

## DISCUSSION

NRS 453.3385 prescribes the mandatory prison sentence for trafficking in certain controlled substances unless, under NRS 453.3405(2), the defendant has "rendered substantial assistance in the investigation or prosecution of any offense." In such event, the district court has discretion to "reduce or suspend" the mandatory prison sentence imposed for a drug trafficking violation. NRS 453.3405(2). The State and Lucero agree that the substantial-assistance provision applied at the time Lucero was originally sen-

---

[1] An *Anaya* hearing ensures that the probationer's due process rights are protected during probation revocation proceedings by giving the probationer an opportunity to "confront and question witnesses giving information against him." *Anaya v. State*, 96 Nev. 119, 123, 606 P.2d 156, 158 (1980).

tenced, giving the district court the discretion to deviate from the mandatory minimum by reducing or suspending his sentence. In its original sentence, the district court chose not to reduce the statutorily mandated minimum sentence for a level-three trafficking offense of 10 years, but instead imposed the minimum sentence and suspended it for 60 months.

When a defendant's probation is revoked, NRS 176A.630(5) precludes the court from sentencing him or her to prison for a term "less than the minimum term of imprisonment prescribed by the applicable penal statute." In this appeal, we must determine whether the "minimum term of imprisonment" after revocation of Lucero's level-three trafficking sentence includes consideration of substantial assistance rendered under NRS 453.3405(2). Applying the rule of lenity, we conclude that the district court can consider substantial assistance rendered by a defendant in setting the minimum term of imprisonment after probation revocation.

*Standard of review and statutory interpretation*

Challenges to a district court's discretionary modification of a sentence after a probation revocation hearing are reviewed for an abuse of discretion. *Kirkpatrick v. State*, 122 Nev. 846, 848, 137 P.3d 1193, 1194 (2006). However, we review questions of statutory interpretation de novo. *State v. Catanio*, 120 Nev. 1030, 1033, 102 P.3d 588, 590 (2004). Whether the substantial-assistance provision of NRS 453.3405(2) applies after the district court revokes probation is a matter of statutory interpretation.

When interpreting a statute, legislative intent "is the controlling factor." *Robert E. v. Justice Court*, 99 Nev. 443, 445, 664 P.2d 957, 959 (1983). The starting point for determining legislative intent is the statute's plain meaning; when a statute "is clear on its face, a court can not go beyond the statute in determining legislative intent." *Id.*; *see also Catanio*, 120 Nev. at 1033, 102 P.3d at 590 ("We must attribute the plain meaning to a statute that is not ambiguous."). But when "the statutory language lends itself to two or more reasonable interpretations," the statute is ambiguous, and we may then look beyond the statute in determining legislative intent. *Catanio*, 120 Nev. at 1033, 102 P.3d at 590. To interpret an ambiguous statute, we look to the legislative history and construe the statute in a manner that is consistent with reason and public policy. *Great Basin Water Network v. State Eng'r*, 126 Nev. 187, 196, 234 P.3d 912, 918 (2010); *see also Moore v. State*, 122 Nev. 27, 32, 126 P.3d 508, 511 (2006) (looking to legislative history to determine legislative intent behind ambiguous statute); *Robert E.*,

99 Nev. at 445-48, 664 P.2d at 959-61 (looking to legislative history, reason, and public policy to determine legislative intent behind ambiguous statute). With these rules of statutory construction in mind, we turn first to the statutory language to determine whether NRS 176A.630(5) is plain or ambiguous. In doing so, we must examine its language in conjunction with that of NRS 453.3385 and 453.3405(2) when a district court revokes the probation of a drug trafficker who provided substantial assistance.

*The "minimum term of imprisonment" referred to in NRS 176A.630(5) is ambiguous*

Pursuant to NRS 176A.630(5), a district court may modify a defendant's sentence after it revokes probation, but "[t]he court shall not make the term of imprisonment less than the minimum term of imprisonment prescribed by the applicable penal statute." The applicable penal statute for Lucero's trafficking offense is NRS 453.3385. NRS 453.3385 provides the statutory minimum penalty, unless otherwise authorized by "the provisions of NRS 453.011 to 453.552, inclusive." NRS 453.3405(2) grants the district court the authority to "reduce or suspend the sentence of any person convicted of violating any of the provisions of NRS 453.3385, 453.339 or 453.3395 if the court finds that the convicted person rendered substantial assistance in the investigation or prosecution of any offense."

The State and Lucero agree on appeal, as they stipulated in the district court, that Lucero provided substantial assistance and was eligible for a reduced or suspended sentence pursuant to NRS 453.3405(2) when the district court originally sentenced him. Accordingly, the district court sentenced Lucero to life with parole eligibility after a minimum of 10 years, and chose to suspend his sentence, placing him on probation for up to 60 months.

The State contends that after probation is revoked pursuant to NRS 176A.630(5), the "minimum term of imprisonment prescribed by the applicable penal statute" does not include the substantial-assistance provision in NRS 453.3405(2) for two reasons. First, it argues that the "applicable penal statute" to which NRS 176A.630(5) refers is NRS 453.3385(3). This subsection provides the mandatory minimum sentence of 10 years for a level-three trafficking offense but does not refer to the substantial-assistance provision. Second, the State argues that the "or" between "reduce *or* suspend" in NRS 453.3405(2) (emphasis added) gives the district court one opportunity to impose a lenient sentence on a defendant who renders substantial assistance to the investigation or prosecution of other crimes. Thus, according to the State's interpretation, NRS 453.3405(2) gave the district court authority to initially reduce Lucero's mandatory minimum sentence,

but the district court chose to suspend his sentence instead. Because the district court elected to suspend, rather than reduce, Lucero's sentence, the State argues that the court cannot later choose to reduce that sentence below the statutory minimum upon revocation of probation.

Lucero, on the other hand, argues that the statutorily prescribed minimum sentence after revocation of probation includes all of the statutory provisions that determine the original sentence. NRS 176A.630(5) refers to the ''minimum term of imprisonment prescribed by the applicable penal statute'' for sentencing after a probation revocation, and the applicable statute is NRS 453.3385 in its entirety, which allows for statutory reductions in sentences for substantial assistance pursuant to NRS 453.3405(2). Based on Lucero's argument, when the district court revokes a defendant's probation, it has two options: it can reinstate the original sentence, *see, e.g.*, *McNallen v. State*, 91 Nev. 592, 592, 540 P.2d 121, 121 (1975), or ''[m]odify the original sentence imposed by reducing the term of imprisonment and cause the modified sentence to be executed [so long as] the term of imprisonment [is not] less than the minimum term of imprisonment prescribed by the applicable penal statute.'' NRS 176A.630(5).

We conclude that both interpretations of the phrase ''minimum term of imprisonment'' in NRS 176A.630(5) are reasonable. Upon probation revocation, NRS 176A.630(5) refers to NRS 453.3385.[2] NRS 453.3385's sentencing provisions include NRS 453.3405(2), but it is unclear whether NRS 176A.630(5) contemplates that NRS 453.3405(2) applies only at the original sentencing or whether it applies any time a defendant is resentenced thereafter.

Because we determine that both the State's and Lucero's interpretations of NRS 176A.630(5) are equally plausible, we conclude that the statute is ambiguous. We therefore must look beyond the statutory language to interpret an ambiguous statute by evaluating the legislative history and looking to reason and public policy.

*Statutory interpretation*

The legislative history of NRS 176A.630(5) does not address whether the Legislature intended the applicable minimum sentence after probation revocation to include relief statutes such as NRS 453.3405(2). The Legislature added the language found in

---

[2]We reject the State's suggestion that the applicable penal statute refers only to subsection 3 of NRS 453.3385. Absent language in NRS 176A.630(5) to the contrary, NRS 453.3385 must be read as a whole. *See Haney v. State*, 124 Nev. 408, 411-12, 185 P.3d 350, 353 (2008) (''When interpreting a statute, this court will give the statute its plain meaning and will examine the statute as a whole without rendering . . . a provision nugatory.'').

subsection 5 of NRS 176A.630 in 1995 through Assembly Bill 317.[3] 1995 Nev. Stat., ch. 444, § 22, at 1356-57. Discussions regarding NRS 176A.630(5)'s statutory language focused on whether the district court would have discretion to reduce a sentence below the statutory minimum after revoking probation. *See* Hearing on A.B. 317 Before the Assembly Judiciary Comm., 68th Leg. (Nev., April 17, 1995). The legislative record indicates that the district court would not be able to reduce a sentence below the statutory minimum after revoking probation. *Id.* However, there is no indication as to whether the Legislature intended for the mandatory minimum sentence to include or exclude other provisions that are part of the applicable sentencing statute, such as NRS 453.3405(2).

The legislative history regarding NRS 453.3405(2), the substantial-assistance provision, is equally unhelpful. It appears that the Legislature enacted that statute to assist law enforcement in apprehending high-level drug traffickers by providing leniency to lower-level offenders who disclose helpful information.[4] Hearing on S.B. 7 Before the Assembly Judiciary Comm., 62d Leg. (Nev., March 10, 1983); *see Parrish v. State*, 116 Nev. 982, 988, 12 P.3d 953, 956 (2000) ("'[Substantial-assistance] statutes are obviously intended to provide an incentive to drug-trafficking offenders to cooperate with law enforcement in the investigation of other drug traffickers.''). But that purpose is not indicative of the Legislature's intent regarding whether that provision is part of the mandatory minimum sentencing statute after the district court revokes probation.

In *Robert E.*, 99 Nev. at 447-48, 664 P.2d at 960-61, we determined that, in the absence of applicable legislative history, specific public policy grounds supported one interpretation of an ambiguous statute over another. However, the parties have not argued, and there does not appear to be any reason or public policy independent of that expressed in the legislative history, regarding the role of the substantial-assistance provision in sentencing drug traffickers after probation revocation.

---

[3]This language was part of NRS 176.221 until 1997, when the Legislature created NRS Chapter 176A, Nevada's probation and suspension-of-sentence statutes. NRS 176.221 became NRS 176A.630.

[4]When the Legislature first enacted NRS 453.3405 in 1983, *see* 1983 Nev. Stat., ch. 111, § 5, at 288, Senator William Raggio stated that its purpose was "to increase the penalties so that they are so great that there will be an impetus, or incentive, to the convicted individual to furnish information to enable law enforcement to reach the higher ups who are involved in the wholesaling of large amounts—heavy trafficking—of drugs.'' Hearing on S.B. 7 Before the Assembly Judiciary Comm., 62d Leg. (Nev., March 10, 1983). In effect, this rewards a defendant for cooperating with an ongoing investigation. Testimony on the bill focused extensively on the statute's effectiveness as a tool for law enforcement to gather information about higher-level drug traffickers. *Id.*

Thus, the legislative history and the reason and public policy behind these statutes shed no light on whether the Legislature intended for the district court to have the discretion to consider NRS 453.3405(2)'s substantial-assistance provision after it revokes probation on an original sentence that already took into account the substantial-assistance provision. We therefore must turn elsewhere to resolve the ambiguity.

*Rule of lenity*

The "rule of lenity [is a rule of construction that] demands that ambiguities in criminal statutes be liberally interpreted in the accused's favor," *Moore*, 122 Nev. at 32, 126 P.3d at 511, and it "applies not only to interpretations of the substantive ambit of criminal prohibitions, but also to the penalties they impose." *Bifulco v. United States*, 447 U.S. 381, 387 (1980). Because ambiguity is the cornerstone of the rule of lenity, the rule only applies when other statutory interpretation methods, including the plain language, legislative history, reason, and public policy, have failed to resolve a penal statute's ambiguity. *Barber v. Thomas*, 560 U.S. 474, 488 (2010); *Bifulco*, 447 U.S. at 387; *see also Moore*, 122 Nev. at 32, 126 P.3d at 511. That is the case here.

Applying the rule of lenity, we conclude that the phrase "minimum term of imprisonment prescribed by the applicable penal statute" in NRS 176A.630(5) requires us to read NRS 453.3385 as a whole, which includes the substantial-assistance provision in NRS 453.3405(2). The rule of lenity requires a liberal interpretation in favor of Lucero, and thus, the applicable statute setting forth Lucero's mandatory minimum sentence after the district court revoked probation includes the substantial-assistance provision in NRS 453.3405(2). Thus, we conclude that the district court had the discretion to "reduce" Lucero's sentence below the statutory minimum of 10 years provided in NRS 453.3385 upon revoking his probation.

Accordingly, we affirm the district court's order.

PICKERING, J., concurs.

I concur in the result only.

DOUGLAS, C.J.