IN THE SUPREME COURT OF THE STATE OF NEVADA

ADAM SULLIVAN, P.E., NEVADA
STATE ENGINEER, DIVISION OF
WATER RESOURCES, DEPARTMENT
OF CONSERVATION AND NATURAL
RESOURCES,

Appellant,

vs.

AU-REKA GOLD CORPORATION,

Respondent.

No. 82146

FILED

APR 09 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER DISMISSING APPEAL*

This is an appeal from a district court order granting a motion to stay a portion of a ruling of the State Engineer pursuant to NRS 533.450(5) pending resolution of a petition for judicial review. Eleventh Judicial District Court, Lander County; Jim C. Shirley, Judge.

When preliminary review of the docketing statement and documents before this court revealed a potential jurisdictional defect, this court ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. In particular, an order granting a motion for a stay is not an appealable order. *Brunzell Constr. v. Harrah's Club*, 81 Nev. 414, 419, 404 P.2d 902, 905 (1965) (holding that an order granting or denying a stay of proceedings is not appealable). Although appellant asserted in the docketing statement that the order is appealable as an order denying a preliminary injunction, *see* NRAP 3A(b)(3), the order does not appear to address a motion for a preliminary injunction, or the same factors used when determining whether to grant a preliminary injunction. *See City of Sparks v. Sparks Mun. Court*, 129 Nev. 348, 357, 302 P.3d 1118, 1124 (2013) ("A preliminary injunction is available when it appears from the

complaint that the moving party has a reasonable likelihood of success on the merits and the nonmoving party's conduct, if allowed to continue, will cause the moving party irreparable harm for which compensatory relief is inadequate."); *see also* NRS 33.010.

In response, appellant does not dispute that an order granting a motion for a stay is not appealable. Instead, appellant again asserts that the challenged order is appealable as an order denying a preliminary injunction under NRAP 3A(b)(3). Appellant argues that the order granting a stay is the equivalent of, and actually is, an order granting a preliminary injunction because it nullifies the efficacy of an active decision of the State Engineer. Further, the factors considered by the district court when deciding a motion for a stay under NRS 533.450(5) align with those considered when deciding a request for a preliminary injunction.

A preliminary injunction and a stay have "some functional overlap," but are not completely the same. *Nken v. Holder*, 556 U.S. 418, 428-29 (2009). An injunction directs the conduct of a specific actor. *Id.* at 428. A stay acts upon a judicial proceeding, either "by halting or postponing some portion of the proceeding, or by temporarily divesting an order of enforceability." *Id.* The order challenged in this appeal grants a motion to stay a condition precedent related to the approval of water rights applications by the State Engineer. The order appears to act to divest of enforceability the portion of the State Engineer's decision imposing a specific condition precedent rather that directing the conduct of a specific actor. Furthermore, while there is overlap between the factors considered for a motion for a stay under NRS 533.450(5) and those considered for a preliminary injunction, NRS 533.450(5) specifically provides for a stay rather than a preliminary injunction, and does not provide that a stay is the

SUPREME COURT
OF
NEVADA

(O) 1947A

equivalent of an injunction.[1] Under these circumstances, it appears the challenged order is not appealable as an order denying a motion for a preliminary injunction. As no other statue or court rule appears to authorize an appeal from the order granting the stay, this court lacks jurisdiction, *see Brown v. MHC Stagecoach, LLC*, 129 Nev. 343, 345, 301 P.3d 850, 851 (2013) (this court "may only consider appeals authorized by statute or court rule"), and

ORDERS this appeal DISMISSED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc: Hon. Jim C. Shirley, District Judge
Attorney General/Carson City
Kaempfer Crowell/Reno
Clerk of the Court/Court Administrator

---

[1]Appellant fails to demonstrate that NRS 533.450(5) is ambiguous. *See State v. Lucero*, 127 Nev. 92, 95, 249 P.3d 1226, 1228 (2011) (a statute is ambiguous when it "lends itself to two or more reasonable interpretations" (internal quotation marks omitted)). Accordingly, appellant also fails to demonstrate that it is appropriate to look beyond the plain language of the statute to the legislative history. *Id.* (this court may only look beyond the statute to determine legislative intent when a statute is ambiguous).