# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Appellant,
vs.
WILLIAM PALU LOSE,
Respondent.

No. 80885

FILED

APR 30 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL

This is an appeal from a district court order granting respondent's motion to dismiss. Fourth Judicial District Court, Elko County; Alvin R. Kacin, Judge.

Almost five years after the incident in question occurred, the State charged respondent William Palu Lose with attempted murder with the use of a deadly weapon, an alternative count of attempted murder, an additional count of kidnapping in the first degree, and an alternative count of kidnapping in the first degree resulting in substantial bodily harm. The statute of limitations for attempted murder and kidnapping in the first degree is three years. *See* NRS 171.085(1), (3). Lose filed a motion to dismiss, arguing that the statute-of-limitations period had expired. The State countered that a five-year statutory extension to the statute-of-limitations period applied. *See* NRS 171.084(1). The district court disagreed and granted Lose's motion to dismiss with prejudice.

A motion to dismiss is reviewed for an abuse of discretion. *See Hill v. State*, 124 Nev. 546, 550, 188 P.3d 51, 54 (2008). "However, we review questions of statutory interpretation de novo." *State v. Lucero*, 127 Nev. 92, 95, 249 P.3d 1226, 1228 (2011). This court must first determine whether the disputed statute is ambiguous. *Id.* A statute is ambiguous "when the statutory language lends itself to two or more reasonable interpretations." *Id.* (internal quotation marks omitted). If the statutory

21-12387

language is unambiguous, this court must give that unambiguous language its plain meaning. *Id.* Conversely, if the statutory language is ambiguous, this court "look[s] beyond the statute in determining legislative intent" by examining "the legislative history and constru[ing] the statute in a manner that is consistent with reason and public policy." *Id.* This court also presumes that the Legislature is aware of related statutes when enacting other statutes. *See State v. Weddell*, 118 Nev. 206, 213 n.23, 43 P.3d 987, 991 n.23 (2002).

> NRS 171.084(1) states that
>
> [i]f, at any time during the period of limitation prescribed in NRS 171.085 and 171.095, a victim of kidnapping or attempted murder, or a person authorized to act on behalf of such a victim, files with a law enforcement officer a written report concerning the offense, the period of limitation prescribed in NRS 171.085 and 171.095 is extended for 5 years.

The State argues that when the victim recounted the incident to an investigating officer who then transcribed those facts into a written report, the requirements of NRS 171.084(1) were satisfied.[1] We agree.

NRS 171.084(1)'s phrase "files with a law enforcement officer a written report" is capable of two reasonable interpretations: (1) the statute can be read to only allow for the victim, or a person authorized to act on

---

[1]Lose argues on appeal that the State did not argue below that the investigating police officer was acting on behalf of the victim and therefore this issue is waived. *See State v. Powell*, 122 Nev. 751, 756, 138 P.3d 453, 456 (2006) ("Generally, failure to raise an issue below bars consideration on appeal." (internal quotation marks omitted)). However, a review of the record demonstrates that both parties addressed whether the investigating officer was acting on behalf of the victim in the district court. Therefore, we conclude that this issue was properly preserved for review on appeal.

behalf of the victim, creating a self-generated report and filing it with the police; or (2) the statute can be read to both allow for the victim, or a person authorized to act on behalf of the victim, creating a self-generated report and filing it with the police; or to allow for the victim, or a person authorized to act on behalf of the victim, assisting the police in causing a written report to be filed. Thus, we conclude that the statutory language is ambiguous. However, construing the statute consistent with reason and public policy, we conclude that the latter interpretation aligns more with the legislative intent of NRS 171.084 not to require a self-generated written report.

The purpose of NRS 171.084 was to extend the statute of limitations because of "the advent of deoxyribonucleic acid (DNA) and the advances that have come from it." Hearing on A.B. 54 Before the Senate Judiciary Comm., 71st Leg. (Nev., Apr. 25, 2001) (testimony of James F. Nadeau, lobbyist for the Washoe County Sheriff's Office and the Nevada Sheriffs and Chiefs Association). However, extending the statute of limitations increases the risk that witnesses' memories will falter. The victim's reporting requirement in NRS 171.084 was included to "avoid situations of repressed memory in which years later a person could come forward with allegations." *Id.* When a victim recounts the events of a crime to a police officer who thereafter reduces the victim's statement to a written report and gives that report to a prosecutor,[2] this preserves the victim's memories of the incident and satisfies the requirement of NRS 171.084(1)

---

[2]NRS 171.084(1) requires that a victim file a written report "with a law enforcement officer." As used in NRS 171.084, "law enforcement officer" includes "[a] prosecuting attorney." *See* NRS 171.084(3); NRS 171.083(5).

in order to extend the statute of limitations periods in NRS 171.085 and NRS 171.095.[3]

We determine that this interpretation is consistent with the legislative intent of NRS 171.084 by focusing on having a written record of the event, rather than focusing on who penned the report. In such instances, as was the case here, the statute of limitations for kidnapping and attempted murder would be extended by five years. Accordingly, we conclude that the district court abused its discretion in granting Lose's motion to dismiss with prejudice. Thus, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:     Hon. Alvin R. Kacin, District Judge
        Elko County District Attorney
        Attorney General/Carson City
        Elko County Public Defender
        Elko County Clerk

---

[3]We cite NRS 171.095 for illustrative purposes only. Lose has not been charged with any of the crimes listed under NRS 171.095.