IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| SHANELL CATHRINE MARTIN,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 83665 |

FILED

OCT 03 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER VACATING AND REMANDING

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of possession of a controlled substance. Fourth Judicial District Court, Elko County; Kriston N. Hill, Judge.

Appellant Shanell Cathrine Martin argues that the district court erroneously adjudicated her guilty and sentenced her to prison. She argues that this was her second category E felony conviction for possession of a controlled substance, *see* NRS 453.336(2)(a), so deferral of judgment was mandatory under NRS 176.211(3)(a)(1). Martin contends that she consented to deferral at the sentencing hearing, and the written plea agreement stated that deferral of judgment was mandatory, so the district court lacked discretion to deny deferment. We agree.

Because this case invokes a question of statutory interpretation, our review is de novo. *See State v. Lucero*, 127 Nev. 92, 95, 249 P.3d 1226, 1228 (2011). We recently held that the plain language of NRS 453.336(2)(a) and cross-referencing NRS 176.211(3)(a) require judgment deferral for first or second offenses under NRS 453.336(2)(a). *See Locker v. State*, 138 Nev., Adv. Op. 62, ___ P.3d ___ (2022) (interpreting NRS

22-31124

176.211(3)(a)(1) and NRS 453.336(2)(a)). Because this was Martin's second conviction for possession of a controlled substance, and she consented to deferral of the judgment,[1] the district court was required to defer entry of her judgment.[2] Instead, the district court entered a judgment of conviction and sentenced Martin to prison. We conclude that the district court's decision to do so was erroneous.

Insofar as the State argues that Martin's sentence was proper, we are unpersuaded. The State contends—for the first time on appeal— that Martin had at least three convictions for possession of a controlled substance and, therefore, Martin's sentence was not erroneous. Different subsections of NRS 453.336 prescribe varying punishment depending on the number of previous convictions a person has had. *Compare* NRS 453.336(2)(a) (listing a first or second offense as a category E felony), *with* NRS 453.336(2)(b) (listing a third or subsequent offense as a category D felony). In this case, the State charged Martin with the category E felony, NRS 453.336(2)(a), which specifically concerns a first or second offense possession of a controlled substance. Martin pleaded guilty to a category E felony, NRS 453.336(2)(a), and not a category D felony, NRS 453.336(2)(b). Thus, her prison sentence cannot be affirmed by applying NRS

---

[1]Martin consented when she requested deferral of judgment at her sentencing hearing. Moreover, the plea agreement stated that deferral of judgment was mandatory for a first or second offense under NRS 453.336(2)(a).

[2]We reject the State's argument that NRS 176.211(3)(a)(1) applies only if the defendant pleads guilty without a plea agreement based on the language in the last sentence of NRS 176.211(1). We recently held that this language does not apply in cases covered by NRS 176.211(3)(a)(1). *See* *Locker*, 138 Nev., Adv. Op. 62, ___ P.3d at ___.

453.336(2)(b). Further, the only proof of Martin's prior convictions in the record is in the presentence investigation report, which we have held "is not prima facie evidence of a prior felony conviction." *Hudson v. Warden*, 117 Nev. 387, 395, 22 P.3d 1154, 1159 (2001). In sum, this argument is meritless.

We recognize that the district court may have been under the impression that NRS 176A.100(1)(b), a discretionary probation statute, applied to Martin's sentencing. However, given the 2019 amendments to NRS 176.211(3)(a)(1), *see* 2019 Nev. Stat., ch. 633, § 19, at 4389, and NRS 453.336(2)(a), *see* 2019 Nev. Stat., ch. 633, § 113, at 4470, the district court lacked discretion to sentence Martin to prison.[3] Based on the foregoing,[4] we

ORDER the judgment of conviction VACATED AND REMAND this matter to the district court for proceedings consistent with this order.[5]

_____, J.
Cadish

_____, J.
Pickering

---

[3]The 2021 amendment to NRS 453.336(2) added a reference to NRS 453.336(5), which governs possession of marijuana. *See* 2021 Nev. Stat., ch. 389, § 32, at 2442-43. This amendment does not affect our analysis because Martin was not charged with possession of marijuana.

[4]Martin also argues that the State breached the plea agreement. In light of the disposition of this appeal, we need not reach this issue.

[5]Due to the retirement of the Honorable Abbi Silver, she did not participate in the decision in this matter.

cc:  Hon. Kriston N. Hill, District Judge
Ben Gaumond Law Firm, PLLC
Attorney General/Carson City
Elko County District Attorney
Elko County Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A