142 Nev., Advance Opinion 43



FILED
Jun 18 2026
ELIZABETH A. BROWN
CLERK OF SUPREME COURT

# IN THE SUPREME COURT OF THE STATE OF NEVADA

|  |  |
|---|---|
| KASIE RAESHI CAUSEY,<br>Petitioner,<br>vs.<br>THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE ERIC JOHNSON, DISTRICT JUDGE,<br>Respondents,<br>   and<br>THE STATE OF NEVADA,<br>Real Party in Interest. | No. 90627 |

Original petition for a writ of mandamus challenging a district court order granting the State's motion for leave to file an information by affidavit.

*Petition denied.*

Nancy M. Lemcke, Public Defender, and Abigail K. Stanley, Deputy Public Defender, Clark County,
for Petitioner.

Aaron D. Ford, Attorney General, Carson City; Steven B. Wolfson, District Attorney, and John Afshar, Chief Deputy District Attorney, Clark County,
for Real Party in Interest.

_____

BEFORE THE SUPREME COURT, STIGLICH, CADISH, and LEE, JJ.

*OPINION*

By the Court, STIGLICH, J.:

Petitioner Kasie Causey was charged with twelve counts of child abuse, neglect, or endangerment, pursuant to NRS 200.508(1), based on a series of twelve videos showing her committing distinct abusive acts on a child. The justice court merged the twelve counts into a single count, reasoning that child abuse is a continuing offense. The district court permitted the State to file an information by affidavit reinstating the eleven dismissed counts, concluding child abuse can be charged based on specific acts. Causey petitioned this court for a writ of mandamus directing the district court to vacate its order. We conclude the appropriate unit of prosecution for NRS 200.508 is causing a child pain or suffering and that each instance of causing that pain or suffering constitutes a separate violation of the statute. Thus, either a single charge of child abuse based on continuing conduct or multiple charges of child abuse based on distinct acts of abuse can be charged, as dictated by the circumstances. Additionally, permitting the State to file an information by affidavit was appropriate here. Accordingly, we deny Causey's petition.

*FACTS AND PROCEDURAL HISTORY*

On March 1, 2025, petitioner Kasie Causey sent twelve videos depicting Causey abusing her infant to the child's purported father. The father received the first video at 9:01 a.m. and the final video at 2:23 p.m. The videos depicted a variety of locations around Causey's home, and e ach video depicted Causey committing a distinct abusive act on the child. The videos depict separate instances of Causey (1) submerging the child in water; (2) choking the child with her hand; (3) pinching the child's nose shut and slapping the child in the face; (4) smothering the child with a blanket and slapping the child in the face; (5) again pinching the child's nose shut;

2

(6) pinching the child's nose shut and smothering the child with a blanket; (7) choking the child with her hand and smothering the child; (8) choking the child with her hand; (9) repeatedly slapping the child's face; (10) covering the child's nose and mouth with her palm, smothering the child with a blanket, and slapping the child in the face; (11) choking the child; and (12) strangling the child with a piece of fabric wrapped around the child's throat.

After receiving the videos, the father alerted the police, and Causey was arrested. Causey was charged with twelve counts of child abuse, neglect, or endangerment, pursuant to NRS 200.508(1), based on the incidents captured in the videos. Causey moved to dismiss the allegedly redundant child abuse counts. At Causey's preliminary hearing, the justice court merged the twelve counts into a single count, reasoning that child abuse is a continuing offense. Causey was thus bound over to the district court on a single count of child abuse, neglect, or endangerment. In an effort to reinstate the previous counts, the State moved to file an information by affidavit in the district court pursuant to NRS 173.035(2). The district court granted the motion, finding probable cause supported the twelve counts. The district court also found the justice court egregiously erred by merging the twelve counts into a single count because child abuse could be premised on specific acts or on its cumulative effect, and since the State had charged the child abuse based on specific acts, not the cumulative effect of many acts, it was not a continuing offense. Thereafter, Causey filed a petition for a writ of mandamus in this court challenging the district court order and seeking to have it vacated.

## DISCUSSION

Causey raises four issues in her petition, arguing (1) a writ of mandamus is appropriate; (2) child abuse is a continuing offense, regardless

3

of the underlying theory; (3) an information by affidavit was not an appropriate vehicle to reinstate the charges; and (4) the justice court did not commit an egregious error. We will address each issue in turn.

*Consideration of the writ petition is warranted*

"This court may issue a writ of mandamus . . . where discretion has been manifestly abused . . . ." *Redeker v. Eighth Jud. Dist. Ct.*, 122 Nev. 164, 167, 127 P.3d 520, 522 (2006) (citing NRS 34.160), *holding limited on other grounds by Hidalgo v. Eighth Jud. Dist. Ct.*, 124 Nev. 330, 341, 184 P.3d 369, 377 (2008). Writ relief is an extraordinary remedy, and it is therefore "within the discretion of this court to determine if a petition will be considered." *Clay v. Eighth Jud. Dist. Ct.*, 129 Nev. 445, 450, 305 P.3d 898, 901 (2013). We will exercise our discretion to consider petitions for extraordinary writs "where there is not a plain, speedy and adequate remedy in the ordinary course of law." NRS 34.170. "[T]his court will consider a writ petition if an important issue of law needs clarification or if review would serve a public policy or judicial economy interest. " *Mona v. Eighth Jud. Dist. Ct.*, 132 Nev. 719, 724, 380 P.3d 836, 840 (2016).

This mandamus petition raises the question whether child abuse is a continuing offense such that a defendant can be charged with only one count, regardless of the theory pleaded. We exercise our discretion to review this petition because it presents an important legal issue requiring clarification and that clarification will promote judicial economy and administration. As Causey has demonstrated, the lower courts have reached differing conclusions on the issue, and thus entertaining this petition affords us an opportunity to clarify the law.

*Child abuse under NRS 200.508 can be charged based on individual violations or a continuing course of conduct*

Causey argues the justice court correctly concluded child abuse is a continuing offense such that she could only be charged with one count,

4

regardless of the theory pleaded. We disagree. To resolve this issue, we must consider the appropriate unit of prosecution under NRS 200.508.

"The unit of prosecution is the manner in which a criminal statute permits the defendant's conduct to be divided into discrete acts for prosecuting multiple offenses by establishing whether the conduct consists of one or more violations of a single statutory provision." 1 Catherine Palo, *Criminal Law Defenses* § 68(d)(4) (Supp. 2025). "[D]etermining the appropriate unit of prosecution presents an issue of statutory interpretation and substantive law." *Castaneda v. State*, 132 Nev. 434, 437, 373 P.3d 108, 110 (2016) (quoting *Jackson v. State*, 128 Nev. 598, 612, 291 P.3d 1274, 1283 (2012)). "[W]e review questions of statutory interpretation de novo." *State v. Lucero*, 127 Nev. 92, 95, 249 P.3d 1226, 1228 (2011). "When a statute is clear on its face," we must afford the statute its plain meaning. *Id*. (citation modified).

A person is guilty of abuse, neglect, or endangerment of a child if the person "willfully causes a child [under] 18 years of age to suffer unjustifiable physical pain or mental suffering as a result of abuse or neglect or to be placed in a situation where the child may suffer physical pain or mental suffering as the result of abuse or neglect." NRS 200.508(1). The statute does not specifically state whether child abuse can be charged based on individual acts, a course of conduct, or both.

We conclude NRS 200.508(1) punishes the causing of pain or suffering because the statute states a person is guilty of child abuse when the person "willfully *causes* a child . . . *to suffer* unjustifiable physical pain or mental suffering." (Emphases added.) *Black's Law Dictionary* defines "cause" as "[s]omething that produces an effect or result." *Cause, Black's Law Dictionary* (12th ed. 2024). And the "effect or result" produced here is a child's pain or suffering. Thus, the statute's plain language demonstrates

5

the appropriate unit of prosecution is causing a child pain or suffering, and each instance of causing that pain or suffering constitutes a separate violation of the statute. Therefore, the number of charged violations under NRS 200.508(1) depends on the circumstances of the case and the way the State pleads the matter. For example, in some circumstances a single distinct act could cause pain or suffering to a child sufficient to sustain a child abuse charge, such as deliberately breaking the child's arm. And in other circumstances, the requisite pain and suffering could be caused by the cumulative effect of a continuing course of conduct, instead of a single act. For example, failing to provide a child a single meal may be insufficient to warrant a child abuse charge, but the cumulative effect of starving a child over a period of time may support a child abuse charge. Thus, independent acts of abuse against the same child can be separate violations of the statute or multiple acts together can demonstrate a continuing offense and serve as a single violation of the statute, depending on the circumstances and the way the State pleads the charge.

Despite the plain language of the statute, Causey argues our previous caselaw, *Rimer v. State*, 131 Nev. 307, 351 P.3d 697 (2015), and *Sena v. State*, 138 Nev. 310, 510 P.3d 731 (2022), supports her position that child abuse is a continuing offense, regardless of the theory pleaded. We disagree.

In *Rimer*, we examined whether child abuse was a continuing offense for the purpose of determining whether certain child abuse charges violated the applicable statute of limitations. 131 Nev. at 318-20, 351 P.3d at 706-07. The charges at issue were for individual children and based upon various acts that occurred over a four-year period. *Id*. at 318, 351 P.3d at 706. We noted, "The hallmark of the continuing offense is that it perdures beyond the initial illegal act, and that each day brings a renewed threat of

6

the evil the Legislature sought to prevent even after the elements necessary to establish the crime have occurred." *Id*. (citation modified). We further observed that some child abuse violations may require cumulative effect. *Id*. at 319-20, 351 P.3d at 707. Like, for example, when individual injuries do not fit the definition of "[p]hysical injury" set forth in NRS 200.508(5)(d) but the cumulative effect of those injuries does. *Id*. Or, similarly, how "it typically would require a pattern of behavior to cause" a mental injury to a child. *Id*. at 319-20, 351 P.3d at 707.

We did not, however, conclude that child abuse could *only* be violated through cumulative effect, instead stating "it is apparent that the child-abuse-and-neglect statute *may be violated through a single act* but is more commonly violated through the cumulative effect of many acts over a period of time." *Id*. at 320, 351 P.3d at 707 (emphasis added). We went on to explain "that the Legislature intended for child-abuse-and-neglect violations, when based upon the cumulative effect of many acts over a period of time, to be treated as continuing offenses for purposes of the statute of limitations." *Id*. Thus, we acknowledged that violations of NRS 200.508 could be charged based on individual acts or on the cumulative effect of multiple acts.

In *Sena*, we considered the nature of child abuse as a continuing offense for the purpose of determining if charges were redundant. 138 Nev. at 326-27, 510 P.3d at 748-49. Sena argued that two of the child abuse counts he was convicted of were redundant—one count related to a child and an adult washing each other in the shower and another count related to the child and the adult engaging in sexual touching during that same shower. *Id*. at 326, 510 P.3d at 748. This court stated broadly that "[b]ecause NRS 200.508 is a continuing offense, it was only appropriate to charge one count of abuse, neglect or endangerment via sexual abuse for the incidents" and

7

that "[t]he existing law states that the crime continues until the abuse stops." *Id*. at 327, 510 P.3d at 749. To the extent this language created confusion, we now clarify that child abuse under NRS 200.508 can be charged as separate violations of the statute or as a single violation premised on a continuing offense, depending on the circumstances and the theory on which the charge is based. While the counts in *Sena* may have been redundant and equated to a continuing offense for which only one child abuse count was appropriate, we did not state that child abuse could only ever be a continuing offense.

In sum, we conclude that the plain language of NRS 200.508 is clear that the unit of prosecution is the causing of pain or suffering to a child. To the extent our precedent may have created confusion about the unit of prosecution under NRS 200.508, we clarify that NRS 200.508 unambiguously permits either a single charge of child abuse based on continuing conduct or multiple charges of child abuse based on distinct acts of abuse, as dictated by the circumstances. [1]

*An information by affidavit was an appropriate vehicle to reinstate charges*

Regardless of the appropriate unit of prosecution, Causey argues an information by affidavit is not the appropriate means to reinstate the charges against her, as the justice of the peace dismissed the charges as

---

[1]Our recent opinion *Smith v. State*, 142 Nev., Adv. Op. 26, 587 P.3d 251, 259 (2026), does not compel a different conclusion. As we noted in *Smith*, a unit-of-prosecution analysis of a different statutory scheme is "helpful only to the extent that [it] implicate[s] similar statutes or words." *Id*. Indeed, we explicitly distinguished between the elder exploitation statutes and the child abuse statutes because there was "no analogous statutory text for us to interpret." *Id*. Thus, *Smith*'s holding should not be read to apply to this case, or vice versa.

a matter of law, not due to a lack of probable cause. [2] We disagree.

NRS 173.035(2) provides that, if "upon the preliminary examination the accused has been discharged," the State may "by leave of the court . . . file an information" based on an affidavit. When interpreting a statute, we look first to its plain language. *Lucero*, 127 Nev. at 95, 249 P.3d at 1228.

Here, the statute permits the State to file an information by affidavit when "the accused has been discharged." The statute's plain text does not limit this ability, other than requiring leave of the court. And the statute itself neither limits the use of the information-by-affidavit procedure to certain manners of discharge nor mentions probable cause. If the legislature had wished to include additional limitations or restraints on the State's ability to file an information by affidavit, the legislature could have done so. *See Boyle v. Bowman*, 96 Nev. 140, 142, 605 P.2d 1144, 1145 (1980) ("Had the legislature intended inclusion, it would have specifically so provided."). Thus, Causey's interpretation finds no support in the statute's plain language.

While Causey points to several cases she argues support her interpretation of the statute, we have never held that an information by affidavit can *only* be used when a charge is dismissed for lack of probable

---

[2]Causey also raises new arguments in the reply brief, arguing that allowing the State to file an information by affidavit under these circumstances allows it to circumvent statutory appellate procedures and promotes forum shopping. As these arguments were raised for the first time in Causey's reply brief, we need not consider them. *See* NRAP 28(c) (providing that reply briefs "must be limited to answering any new matter set forth in the opposing brief"). And in any event, the remedy of an appeal is separate from the remedy set forth in NRS 173.035(2), *Warren v. Eighth Jud. Dist. Ct.*, 134 Nev. 649, 652, 427 P.3d 1033, 1036 (2018), and there is no requirement the State pursue an appeal before seeking leave to file an information by affidavit.

cause or that an information by affidavit cannot be used when a charge is dismissed as a matter of law.  Accordingly, we conclude that an information by affidavit was an appropriate vehicle for the State to seek reinstatement of the discharged counts in this matter.

*The justice court committed an egregious error*

Finally, Causey argues that regardless of the propriety of the information by affidavit, the district court manifestly abused its discretion when it concluded the justice court had committed an egregious error.  It is within the district court's discretion to grant a motion to file an information by affidavit where the magistrate made egregious errors in failing to bind the defendant over for trial.  NRS 173.035(2);  *State v. Sixth Jud. Dist. Ct. (Warren)*, 114 Nev. 739, 741-42, 964 P.2d 48, 49 (1998).   "A district court's determination of egregious error [is reviewed] de novo.*"  Moultrie v. State*, 131 Nev. 924, 929, 364 P.3d 606, 610 (Ct. App. 2015) (citation modified)  . "[A] magistrate's error is 'egregious error' when the magistrate commits plain error that affects the outcome of the proceedings."  *Id*. at 930, 364 P.3d at 611.  A plain error of law constitutes egregious error.   *See id*.

Here, the justice court based its decision to merge the counts on its determination that child abuse under NRS 200.508 is a continuing offense, such that only one count was permissible, despite the multiple acts alleged by the State.  As discussed above, under Nevada law, child abuse can be charged based upon either a single act or a continuing course of conduct.  Thus, the justice court made an egregious error by failing to bind Causey over on all twelve counts, and the district court did not manifestly abuse its discretion by allowing the State to file an information by affidavit.

*CONCLUSION*

We conclude that the State permissibly moved to file an information by affidavit based on the justice  court's egregious error of law

and the district court did not manifestly abuse its discretion by granting the motion. We clarify that child abuse, neglect, or endangerment may be charged under NRS 200.508 as either a single violation or separate violations, depending on the circumstances and way the charge is pleaded. Accordingly, we deny Causey's petition for a writ of mandamus.[3]

                                          Stiglich, J.

We concur:

Cadish, J.

Lee, J.

---

[3]In light of this opinion, we lift the stay of proceedings imposed by our April 29, 2026, order.

11