NAT ADLER, APPELLANT, v. SHERIFF, CLARK COUNTY, NEVADA, RESPONDENT.

No. 9168

November 22, 1976                    556 P.2d 549

[Rehearing denied December 17, 1976]

*Harry E. Claiborne,* Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *Frank J. Cremen,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

At the conclusion of a preliminary examination Nat Adler was ordered to stand trial on two counts of extortion by a public officer (NRS 197.170) and two counts of failure to file a full and correct quarterly financial statement (NRS 253.-090). Adler then filed a pretrial petition for a writ of habeas corpus contending the evidence adduced by the prosecuting attorney did not establish probable cause that he had committed the charged offenses.

The district court denied habeas and in this appeal Adler reurges the same contention.

The thrust of Adler's argument is that NRS 197.170 proscribes a public officer from accepting unauthorized fees only in matters that are part of his "official service."[1] He argues his official services as a public administrator, regarding a particular estate, do not commence until letters of administration are issued to him. Therefore, the argument goes, he cannot properly be charged with extortion prior to receipt of such letters, there being no official services for which to receive a fee. We reject the argument for two reasons.

First, the statutory phrase, "official service," in NRS 197.170 does not carry the restrictive interpretation Adler offers. Unless a criminal statute clearly manifests a legislative intent to alter or abolish the common law definition of a crime, the statute must be construed in light of that definition. State v. Weleck, 91 A.2d 751 (N.J. 1952). The common law definition of extortion is the corrupt collection of an unlawful fee by an officer under color of office.[2] When read against the backdrop of "color of office," "official service" includes more than the duties explicitly delineated by statute. The relevant question is whether Adler imparted and exploited a reasonable belief that the fees were necessary by virtue of (the use or misuse of) his office. United States v. Hathaway, 534 F.2d 386 (1st Cir. 1976).

Second, Adler's characterization of his official duties is unreasonably narrow. NRS 253.050(2)[3] provides for the com-

---

[1] NRS 197.170 provides:

"Extortion by public officer. Every public officer who shall ask or receive, or agree to receive a fee or other compensation for his *official service,* either:

"1. In excess of the fee or compensation allowed to him by statute therefor; or

"2. Where no fee or compensation is allowed to him by statute therefor, commits extortion and shall be punished by imprisonment in the state prison for not less than 1 year or more than 10 years, or by a fine of not more than $5,000, or by both fine and imprisonment." [Emphasis added.]

[2] R. Perkins, Criminal Law 367 (2d ed. 1969).

[3] NRS 253.050(2) provides:

*"The public administrator may be compensated by the court for services performed* in preserving the personal property of an estate of a deceased person *prior to the appointment of an administrator."* [Emphasis added.]

pensation of public administrators, by the court, for duties arising prior to the issuance of letters of administration. The legislative scheme, then, clearly contemplates official duties prior to the public administrator's appointment over a particular estate.

It is, therefore, untenable to suppose Mr. Adler could not have received an unlawful fee merely because letters of administration were not issued.

Affirmed.